**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | |
|---|---|
| JOHNATHAN HUNT § | |
|    TDCJ-CID #560374 § | |
| § | |
| VS. § | C.A. NO. C-10-376 |
| § | |
| DR. MAXIMILIANO HERRERA, ET AL. § | |

**ORDER DISMISSING CERTAIN CLAIMS AND RETAINING CASE**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), cert. denied, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Applying these standards, plaintiff's Eighth Amendment claims against defendants in their individual capacities are retained, and service shall be ordered on defendants. To the

extent plaintiff is suing any defendant in his or her official capacity for money damages, those claims are dismissed as barred by the Eleventh Amendment.

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II. FACTUAL ALLEGATIONS

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is currently incarcerated at the Dominguez State Jail in San Antonio, Texas. Plaintiff filed his original complaint on October 8, 2010, in the United States District Court for the Western District of Texas, San Antonio Division, challenging as unconstitutional the revocation of his parole and also alleging deliberate indifference to his serious medical needs. (D.E. 1). Concerning his parole claim, plaintiff named as defendants Kershyla Preston, Juan Delbosque, Stewart Jenkins, Joni White and Brad Livingston. For his deliberate indifference claim, plaintiff named as defendants Dr. Maximilliano Herrera, Dr. Alesandro Lopez, and Nurse Turner.

By order entered November 18, 2010, the San Antonio district court dismissed plaintiff's parole claim and those defendants, and transferred to this Court plaintiff's Eighth Amendment claims against Dr. Herrera, Dr. Lopez, and Nurse Turner. (D.E. 13, 14).

On December 29, 2010, a <u>Spears</u>[1] hearing was held. The following allegations were made in plaintiff's original complaint (D.E. 1), or at the hearing:

On June 17, 2008, plaintiff was arrested for alleged parole violations. Thereafter, it was determined that he would serve time in a Substance Abuse Felony Punishment Facility (SAFPF). While he was waiting to be transferred to the Glossbrenner SAFPF in San Diego, Texas, plaintiff was held at the East Texas Intermediate Sanctioning Facility (ISF). At the ISF, plaintiff suffered from heartburn and other digestive, intestinal, and urinary issues. The ISF doctor prescribed plaintiff Zantac and Cardura.[2]

In September 2008, plaintiff arrived at the Glossbrenner SAFPF. At intake, plaintiff advised Nurse Turner of his medical conditions and also complained of a persistent stomach pain beneath his ribs. Nurse Turner commented that he should probably not have been assigned to a SAFPF, and that she could not give him any pain medication because he did not have a formal diagnosis.

On September 5, 2008, plaintiff was seen by Dr. Herrera for his complaints of stomach pain, rectal bleeding, constipation, diarrhea, and blood in his urine. Dr. Herrera discontinued the medications ordered by the ISF doctor, and refused to prescribe any pain medication stronger than Tylenol.

---

[1] <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985); <u>see also</u> <u>Eason v. Holt</u>, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a <u>Spears</u> hearing is incorporated into the pleadings).

[2] Zantac is an over-the-counter medication used to treat ulcers and gastroesophageal reflux disease, and Cardura is a prescription medication for men used to treat the symptoms of an enlarged prostate.

On September 13, 2008, Hurricane Ike hit Texas. Plaintiff was evacuated to the Briscoe Unit in Dilley, Texas. Because he was unable to hold his urine, plaintiff repeatedly went back and forth to the restroom. On one of his trips to the restroom, plaintiff observed a nurse dispensing medication, and he asked her for pain medication. Plaintiff got upset when she would not give him pain medication, and officers were called to escort him to lock-up. Plaintiff was held in a cage-like cell outside, and when a Major checked on him, he showed him his blood-stained sheets. The Major called the Briscoe Unit nursing staff, and the staff contacted a doctor who prescribed plaintiff medication for a urinary tract infection, as well as strong pain medication.

On September 18, 2010, plaintiff returned to the Glossbrenner SAFPF. Plaintiff was seen by Dr. Lopez who discontinued the pain medication that the Briscoe Unit doctor had prescribed. Dr. Lopez ordered lab work, and approximately 10 to 12 days later, he called plaintiff back to the infirmary and told him that he suspected plaintiff had cancer. Upon receiving this news, plaintiff asked both Dr. Lopez and Nurse Turner to contact Ms. Angela Haas, a parole program specialist, about being released from SAFPF due to his medical condition, and returned to supervised release. Neither Dr. Lopez nor Nurse Turner would contact Ms. Haas. Dr. Lopez told plaintiff that his plan was to get him to John Sealy Hospital in Galveston, Texas, as soon as possible.

On November 1, 2009, plaintiff was transferred to the Garza West Unit. He attempted to see Dr. Herrera, but Dr. Herrera refused to examine him. However, a Physician's

Assistant (PA) did see plaintiff and re-started him on Zantac. In addition, the PA worked on getting plaintiff sent to John Sealy Hospital, which occurred in March 2009.

## III. DISCUSSION

### A. Legal standard.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. Id.

### B. Eighth Amendment.

Plaintiff alleges that Dr. Herrera, Dr. Lopez, and Nurse Turner violated his Eighth Amendment right to be free from cruel and unusual punishment when they refused to prescribe him adequate pain medication despite his claims of excruciating pain, discontinued medications ordered by the ISF and Briscoe Unit doctors, and refused to evaluate his condition and complaints thoroughly.

The Eighth Amendment prohibits cruel and unusual punishment. Prison officials must provide humane conditions of confinement; ensure that inmates receive adequate food, clothing, shelter, and medical care; and take reasonable measures to guarantee the safety of

the inmates. Farmer v. Brennan, 511 U.S. 825, 832 (1994). Conditions that result in "unquestioned and serious deprivations of basic human needs" or "deprive inmates of the minimal civilized measure of life's necessities" violate the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8-10 (1992); Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

In order to state a § 1983 claim for denial of adequate medical treatment, a prisoner must allege the official(s) acted with deliberate indifference to serious medical needs. Wilson v. Seiter, 501 U.S. 294, 303.(1991); Estelle v. Gamble, 429 U.S. 97, 105 (1976); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Deliberate indifference encompasses more than mere negligence on the part of prison officials. Farmer, 511 U.S. at 837. It requires that prison officials be both aware of specific facts from which the inference could be drawn that a serious medical need exists and then the prison official, perceiving the risk, must deliberately fail to act. Id. Furthermore, negligent medical care does not constitute a valid § 1983 claim. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993). See also Graves v. Hampton, 1 F.3d 315, 319 (5th Cir. 1993) ("[i]t is well established that negligent or erroneous medical treatment or judgment does not provide a basis for a § 1983 claim"). As long as prison medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. Youngberg v. Romeo, 457 U.S. 307, 322-23 (1982). Finally, active treatment of a prisoner's serious medical condition does not constitute deliberate indifference, even if treatment is negligently administered. See Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999); Mendoza, 989 F.2d at 195; Varnado,

920 F.2d at 321. "Deliberate indifference is an "extremely high standard to meet." Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001).

For purposes of § 1915A screening, plaintiff has adequately stated claims of deliberate indifference to his serious medical needs against the three defendants named herein. Plaintiff testified that he repeatedly submitted sick call requests, produced his blood-stained clothing and bedding as evidence, and risked disciplinary action in order to get relief from his pain, such that defendants knew, or should have known, that he was suffering and needed further medical attention. He alleges that, despite defendants being aware of his pain and medical symptoms, they ignored his requests for pain medication. In addition, both Dr. Herrera and Dr. Lopez discontinued medications prescribed by other physicians without making further inquiry. Thus, plaintiff has alleged that defendants were aware of his serious medical needs, but ignored them, thus stating a constitutional violation. Accordingly, the Court shall retain plaintiff's claims of deliberate indifference to his serious medical needs against Dr. Herrera, Dr. Lopez, and Nurse Turner, and service shall be ordered on these individuals.

**C.     Official capacity claims.**

Plaintiff did not specify whether he is suing defendants in both their individual and official capacities, so it is assumed that he is attempting to sue them in both.

A suit against a prison employee in his official capacity is the same as a suit against the entity the employee represents. Kentucky v. Graham, 473 U.S. 159, 166 (1985). The Eleventh Amendment bars a suit for money damages against a state or state agency. Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996). The Fifth Circuit has

consistently held that the Eleventh Amendment precludes awards of money damages against persons sued in their official capacities. <u>Oliver v. Scott</u>, 276 F.3d 736, 742 (5th Cir. 2002) (citing <u>Talib v. Gilley</u>, 138 F.3d 211, 213 (5th Cir. 1998); <u>Augilar v. TDCJ</u>, 160 F.3d 1052, 1054 (5th Cir. 1998)). Thus, to the extent plaintiff is suing defendants in their official capacities for money damages, those claims are barred by the Eleventh Amendment, and are therefore, dismissed.

## IV. CONCLUSION

For the reasons stated herein, plaintiff's Eighth Amendment claims against Dr. Herrera, Dr. Lopez, and Nurse Turner in their individual capacities are retained, and service will be ordered on these defendants. To the extent plaintiff is suing defendants in their official capacities, those claims are dismissed as barred by the Eleventh Amendment.

ORDERED this 14th day of February, 2011.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE