IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHNATHAN HUNT, | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | C.A. NO. C-10-376 |
| | § | |
| KERSHYLA PRESTON, ET AL., | § | |
|     Defendants. | § | |

## MEMORANDUM OPINION AND ORDER DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division. He us currently housed at the Stringfellow Unit in Rosharon, but his complaint concerns events that arose while he was housed at the Glossbrenner Substance Abuse Felony Punishment Facility (SAFPF), in San Diego, Texas. Proceeding *pro se* and *informa pauperis*, plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that defendants Dr. Herrera, Dr. Lopez, and Nurse Turner were deliberately indifferent to his serious medical needs (D.E. 1). Service of process was ordered, defendants have filed their answers, and summary judgment motions are pending (D.E. 28, 34, 73, 75). Plaintiff has filed this, his second, motion for appointment of counsel. (D.E. 96).

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide *pro se* litigants with writing materials, access to the law library, or other forms of legal assistance. Bounds v. Smith, 430 U.S. 817, 829 (1977). However, Bounds did not create "an abstract, free-standing right to a law library or legal assistance...". Lewis v. Casey, 518 U.S.

343, 351 (1996). Thus, a prisoner-plaintiff does not have a constitutional right to appointment of counsel in civil cases. Wendell v. Asher, 162 F.3d 887, 892 (5th Cir. 1998); Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994). Instead, it is within the Court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. See 28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be considered when determining whether appointment of counsel is warranted. Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986) (citations omitted). Those factors include: "(1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to adequately investigate the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. The court should also consider whether appointed counsel would aid in the efficient and equitable disposition of the case." Jackson, 811 F.2d at 262 (citing Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982)).

Upon considering the Jackson factors, the facts of this case demonstrate that appointment of counsel is not warranted at this time. First, the case in-and-of-itself is not complex. Plaintiff alleges a straight-forward Eighth Amendment claim that, while at the Glossbrenner SAFPF, defendants denied him medication that had been previously been prescribed by other physicians, and that he was denied appropriate treatment for gastrointestinal and urinary issues. Though serious, his allegations are not complex.

The second and third factors examine whether plaintiff has the ability to adequately investigate and present his case. Jackson, 811 F.2d at 261-62. Plaintiff argues that being

2

incarcerated has greatly limited his ability to litigate (D.E. 96). However, plaintiff's circumstances do not prevent him from participating in meaningful discovery or case preparation. His medical issues do not prevent him from attending the law library, researching his claims, filing pleadings, or participating in court conferences. Indeed, at the December 29, 2010, evidentiary hearing, plaintiff was able to discuss his case and articulate his claims against defendants sufficiently for purposes of § 1915A screening. Moreover, plaintiff was advised previously that, should he encounter a problem in obtaining discovery, he is able to seek assistance from the Court via a motion to compel should it be necessary. The record demonstrates that plaintiff has conducted discovery.

The fourth factor is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and cross-examination. Jackson, 811 F.2d at 261-62. Summary judgment motions are pending, and so the Court need not examine this factor as the case is not yet set for trial.

Plaintiff complains that he has repeatedly written to attorneys, but that none will take his case. Plaintiff is advised that, should the case proceed to trial following dispositive motions, the Court will *sua sponte* reexamine his request for appointment of counsel.

No "exceptional circumstances" exist that warrant the appointment of counsel at this time. Accordingly, plaintiff's motion for appointment of counsel (D.E. 96) is DENIED without prejudice subject to renewal should counsel be warranted at a later date.

ORDERED this 29th day of March, 2012.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE